# Montjoy and wife *vs* Lashbrook *et al.*

CHANCERY.

### EORROR TO THE MASON CIRCUIT.

*Case* 83.

*Trustee and cestui que trust.    Usury.    Interest.*

CHIEF JUSTICE ROBERTSON delivered the Opinion of the Court.

*April* 20.

MONTJOY AND WIFE brought this suit in chancery against her brothers, *John and William Lashbrook*, either for twelve and a half per cent. interest, on a pecuniary legacy bequeathed by her father to them, in trust for her benefit, or for the entire fund, on being indemnified against future liability, alledging that the trustees loaned their own money at that rate of interest; that it was the common conventional rate in their neighborhood, and that persons of unquestionable ability had offered to give it for a loan of the trust money.

The case stated.

The answers admitted those allegations excepting only that *William Lashbrook* denied that he loaned any money for usurious interest, and said that he used the trust fund in his business as a merchant.

The Circuit Court decreed only the legal interest, without rests.

A trustee is not responsible for more than legal interest though he might have loaned the fund for a greater interest.

The trustees, being charged with the custody and control of the money, for the use of the beneficiaries, should certainly make it as productive as vigilant men might conveniently make their own money, consistently with honor and law; and whatever they have in fact made is equitably hers.    But we have no ground for presuming that the actual profit has been more than six per cent. annually.    And surely a court of equity will not make them responsible because they would not violate the law by loaning at usurious interest.

Nor should such a tribunal lend its aid to disturb the trust, for the avowed purpose of enabling the beneficiary and her husband to use the money in violation of the positive law of the land.    Moreover, no court has the power to do so, unless there had been a breach of trust; and we cannot admit that a refusal to loan the trust fund at usurious interest, can be deemed a breach of trust.

The Chancellor will not, without any breach of trust having been committed, withdraw from the hands of a trustee a fund, the profits of which is given to another, merely to

A trustee using a trust fund should pay 6 per cent. interest annually, and if not annually paid, the interest to be annually made principal.

But, as one of the trustees himself used the money, he ought to have paid to *Mrs. Montjoy* six per cent. thereon, at the end of each year, which, not having been paid, should be converted into principal as it annually became due.

In this case there should, therefore, be annual rests as long as the money has been or shall be used by the trustees or either of them. And consequently, as the Circuit Court did not compound the interest, the decree, in that respect, is considered exceptionable, and must; for that cause alone, be reversed, and the cause remanded for a correction corresponding herewith.

*Hord* for plaintiffs; *Payne & Waller* for defendants.